NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL REYNA ROSAS, AKA Jorge Ortiz Pinedo; et al., | No. 19-72636 |
| Petitioners, | Agency Nos. A074-324-974 |
| v. | A202-175-811 |
| | A202-175-812 |
| MERRICK B. GARLAND, Attorney General, | A202-175-813 |
| | A202-175-814 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022**

Before: SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Rafael Reyna Rosas, Erika Suazo Fombona, and three of their children,

natives and citizens of Mexico, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's

decision denying their applications for asylum, withholding of removal, and relief

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We deny the petition for review.

Substantial evidence supports the agency's determination that Petitioners failed to establish the harm they experienced or fear in Mexico was or would be on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Garcia-Milian*, 755 F.3d at 1031 ("In order to reverse the BIA, we must determine 'that the evidence not only *supports* [a contrary] conclusion, but *compels* it'").  We reject as unsupported by the record Petitioners' contention that the agency failed to fully address their arguments and evidence.  Thus, Petitioners' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Petitioners did not establish that it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

19-72636

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.